UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                               Case No. 07-20189-02
                               Hon. David M. Lawson

JOHNNIE CROMER,

    Defendant.
_____/

**United States' Response to Motion to Expedite Hearing on Defendant Cromer Motion to Reduce Sentence [R. 204]**

    The parties and the Court just agreed, not quite three weeks ago, that Cromer's hearing date should be moved to a date on or after the hearing on his co-defendant Robert McDonel's motion, given the similarity of the arguments, the effects of the COVID-19 pandemic on court and counsel operations, and the timing of Cromer's supplemental brief.

    All of the reasons that supported the May 26 setting still exist. If anything, they are stronger. The courthouse is closed. The court staff and counsel are operating almost exclusively by telework, and hearings are being conducted by VTC or teleconference. McDonel's motion remains scheduled for hearing on May 12. And the AUSA who prepared

the response to McDonel's motion and to Cromer's supplemental brief gave birth at the beginning of last week.

Hearings in May could be conducted under more conducive conditions for the court and counsel. They would place less strain on limited resources at a time in which the pandemic's effects are predicted to peak. And the government could at least consult with the AUSA who is most well-versed in its responses.

## Procedural Background

The defendant, Johnnie Cromer, filed his motion to reduce his sentence on November 8, 2019. On December 4, the Court scheduled a hearing on this motion for March 24, 2020. Twelve days before that hearing, Cromer filed a "supplemental brief," raising an entirely new basis for relief in adopting his codefendant Robert McDonel's 924(c) stacking arguments. The hearing on McDonel's motion is scheduled for May 12. On March 18, after receiving a request to delay the hearing from the parties, the Court rescheduled the hearing to May 26.

## Response to Asserted Basis for Expedited Hearing

Cromer now asks that his hearing be expedited to "the next available date on the court's calendar" because, if his motion were

granted and his immediate release found to be appropriate relief, his release would "help to alleviate the impact of Covid-19 pandemic on FCI Elkton."

As set forth in the government's response to his supplemental brief [R. 230], Cromer has no viable basis for relief. His immediate release is therefore exceptionally unlikely to be ordered, whenever his hearing occurs. And he sets forth no reason to believe that he's any more at risk than the thousands of other inmates with whom he's confined: he claims no positive test, no symptoms, no exposure to any inmate or staff member who has tested positive, and no personal factors that increase the risk that he will suffer complications if infected with the virus.

Cromer therefore doesn't focus on his own risk but rather on the benefit to the facility's countermeasures to be obtained by his potential release. But FCI Elkton houses more than 2,000 male inmates. Moving Cromer's hearing up five or six weeks would have at best a negligible effect on the facility's virus-fighting capacity. Indeed, if the interests of the facility are really all we're asked to consider, it's probably best to leave Cromer right where he is, rather than divert the BOP's attention

and resources to the processes necessary to release and transport an inmate, who would then be entering a period of supervised release, straining another set of scarce resources.

The Bureau of Prisons is already evaluating and releasing inmates most at risk from the COVID-19 pandemic. Following two recent directives from the Attorney General, the Bureau of Prisons is urgently assessing its entire prison population to determine which inmates are eligible for home confinement, face the most risk from COVID-19, and pose the least danger to public safety. That process requires the Bureau of Prisons to identify the best candidates for release, ensure that their homes are suitable for home confinement, and arrange a way to quarantine each of them for 14 days. This necessarily requires prioritizing the most pressing cases, and Cromer should not be permitted to cut in line by petitioning the Court.

The Bureau of Prisons is also working around the clock to protect any inmates who are not eligible for discretionary release. Inmates at every institution, including FCI Elkton, are being protected by a new [shelter-in-place protocol](#) to decrease the spread of the virus. Even prior to the national lockdown, the Bureau of Prisons had already instituted

4

a number of precautionary measures to reduce the risk of infection. A full run-down of those measures is available on the Bureau of Prisons' COVID-19 Action Plan [website](). Although no plan is perfect, these measures will help federal inmates remain protected from COVID-19 and ensure that they receive any required medical care during these difficult times.

## Conclusion

For these reasons, the Court should deny Cromer's motion to expedite the hearing on his motion to reduce his sentence. Cromer notes, accurately, that the government does not object to moving his hearing up as far as May 12, as that date is consistent with the parties original request and justifications for resetting this hearing.

                  Respectfully submitted,

                  MATTHEW SCHNEIDER
                  United States Attorney

                  s/ Benjamin C. Coats
                  Benjamin C. Coats
                  Assistant U.S. Attorney
                  211 West Fort Street, Suite 2001
                  Detroit, MI  48226
                  (313) 226-9734
                  Benjamin.Coats@usdoj.gov

Dated: April 7, 2020

## Certificate of Service

I certify that on April 7, 2020, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to all users of record.

s/ Benjamin C. Coats<br>
Assistant U.S. Attorney